UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

TRUSTEES OF THE LOCAL 807 LABOR-
MANAGEMENT HEALTH FUND and
TRUSTEES OF THE LOCAL 807 LABOR-
MANAGEMENT PENSION FUND,

                 Plaintiffs,

-against-

M & M BUILDING PRODUCTS, INC.,

                 Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-04180 (FB) (VVP)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 1 0 2009 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
RACHEL S. PASTER, ESQ.
Cary Kane LLP
1350 Broadway, Suite 815
New York, New York 10018

**BLOCK, Senior District Judge:**

        On October 15, 2008, plaintiffs (the "Trustees") filed a complaint seeking recovery of unpaid fringe benefit contributions, liquidated damages, attorney's fees, costs and interest, as well as an order compelling defendant ("M&M") to submit certain past-due reports and to thereafter remain current in its obligations to the Trustees. M&M was duly served, *see* Docket Entry No. 2, but failed to respond or otherwise defend against the action, *see* Docket Entry No. 4 (Clerk's Entry of Default). The Trustees now move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that M&M was a party to a collective bargaining agreement ("CBA"), pursuant to which M&M was responsible for fringe benefit contribution payments on behalf of M&M's covered employees. Compl. at 2. The Trustees allege that certain of M&M's employees were covered by the CBA, and that M&M "failed and refused to remit contributions" for a period beginning in November 2007 and ending in July 2008. Compl. at 2-3.

These allegations – now deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, plaintiffs' motion for a default judgment is granted.

Having established a violation of § 1145, the Trustees are entitled to the

remedies set forth in § 1132(g)(2), as well as any additional damages stemming from defendants' breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED.**

S/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2009