UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TRUSTEES OF THE LOCAL 807 LABOR-
MANAGEMENT HEALTH FUND and TRUSTEES
OF THE LOCAL 807 LABOR-MANAGEMENT
PENSION FUND,

**MEMORANDUM AND ORDER**
Case No. 08-CV-4180 (FB) (VVP)

                          Plaintiffs,

    -against-

M & M BUILDING PRODUCTS, INC.,

                          Defendant.
-----------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
RACHEL S. PASTER, ESQ.
Cary Kane LLP
1350 Broadway, Suite 815
New York, New York 10018

**BLOCK, Senior District Judge:**

        On March 17, 2010, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R") recommending that plaintiffs (collectively, "the Trustees") be awarded damages stemming from the failure of defendant, M & M Building Products, Inc. ("M&M"), to pay contributions to the pension funds managed by the Trustees in accord with the Employee Retirement Income Security Act ("ERISA"). The R&R recommends that the Trustees be awarded: (1) unpaid ERISA contributions in the amount of $42,254.94; (2) interest in the amount of $17,226.83 through March 17, 2010, plus $20.83 per day through the date of judgment; (3) liquidated damages in the amount of $17,226.83; and (4) attorney's fees and costs in the amount of $4,346.25.

        The R&R warned that failure to object would waive any right to further judicial review; the R&R also ordered the Trustees to serve a copy of the R&R upon M&M. *See* R&R at

6, Docket Entry No. 13. According to an affidavit filed by the Trustees, M&M was served on March 18, 2010, *see* Docket Entry No. 14; no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
March 31, 2010